2014 UT App 164

**STATE of Utah, Plaintiff and Appellee,**

v.

**Thomas R. SIAVASHI, Defendant and Appellant.**

No. 20130467–CA.

Court of Appeals of Utah.

July 17, 2014.

Colleen K. Coebergh, Attorney for Appellant.

Sean D. Reyes, Laura B. Dupaix, and Brett J. DelPorto, Salt Lake City, Attorneys for Appellee.

Before JUDGES GREGORY K. ORME, STEPHEN L. ROTH, and JUDITH M. BILLINGS.[1]

### Decision

**PER CURIAM:**

¶ 1 Thomas Siavashi appeals his convictions on charges of aggravated kidnapping and driving under the influence of alcohol. We affirm.

¶ 2 Siavashi asserts that his trial counsel was ineffective because he failed to call three witnesses that Siavashi wanted to testify. Siavashi has not provided a record sufficient to reach this issue. In a discussion in chambers, Siavashi told the trial court that he disagreed with counsel's decision not to call three witnesses. Siavashi did not identify the witnesses,[2] or proffer the specifics of what they would testify. As a result, there is nothing in the record that suggests that the witnesses would have been able to testify or would have been helpful to Siavashi.

¶ 3 "Where, on direct appeal, [a] defendant raises a claim that trial counsel was ineffective, [the] defendant bears the burden of assuring the record is adequate."

*State v. Litherland,* 2000 UT 76, ¶ 16, 12 P.3d 92. When trial counsel's alleged ineffectiveness caused or exacerbated record deficiencies, the mechanism to correct such a record deficiency is a motion for remand pursuant to rule 23B of the Utah Rules of Appellate Procedure. Utah R.App. P. 23B; *Litherland,* 2000 UT 76, ¶ 16, 12 P.3d 92. Rule 23B provides a tool to assure a complete record on appeal, and a defendant must pursue a remand if necessary to get facts on the record for the purposes of appeal. The failure to call a witness is an example of such a record deficiency. A remand must be sought to put a proposed witness's testimony on the record so an appellate court can evaluate the claim that counsel was ineffective for failing to call that witness at trial.

¶ 4 Siavashi did not move for remand. As a result, the witnesses remain unidentified and the expected testimony remains unknown. "Where the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom simply will be construed in favor of a finding that counsel performed effectively." *Litherland,* 2000 UT 76, ¶ 17, 12 P.3d 92.

¶ 5 Siavashi also asserts that the trial court failed to conduct a reasonable inquiry into his disagreement with trial counsel. "When a defendant expresses dissatisfaction with counsel, a trial court must make some reasonable, non-suggestive efforts to determine the nature of the defendant's complaints." *State v. Lovell,* 1999 UT 40, ¶ 27, 984 P.2d 382. Courts should conduct a specific inquiry. *Id.* In this instance, Siavashi has not shown that the court's inquiry was insufficient. Siavashi did not express general dissatisfaction with trial counsel or request other counsel. He expressed disagreement only with counsel's failure to call three witnesses. The trial court discussed the specific disagreement with Siavashi and explained the limitations on character witnesses.[3] The

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. The trial court prohibited Siavashi from stating the witnesses' names because the court believed

the disclosure may implicate attorney-client privilege.

3. The conversation on the record implies that the witnesses were likely to be character witnesses with no actual knowledge of the events on the night of the incident. This implication is further supported by the nature of the crimes, which

inquiry was reasonable regarding the particular disagreement.

 ¶ 6 Furthermore, even if the trial court could have conducted a more detailed inquiry, Siavashi has shown no prejudice. As noted above, the record is insufficient to determine that the proposed witnesses would have been permitted to testify or that their testimony would have been beneficial to Siavashi. In the absence of an adequate record on appeal, appellate courts must presume the regularity of the proceedings in the trial court. *State v. Pritchett,* 2003 UT 24, ¶ 13, 69 P.3d 1278.

¶ 7 Affirmed.

occurred when only Siavashi and his victim were present, thereby limiting the pool of witnesses with actual knowledge of the incident.